(No. 81-CV-0336—)

*In re* APPLICATION OF NATALIE SMITH.

*Order filed September 17, 1981.*

NATALIE SMITH, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

537

POCH, J.

This claim arises out of an incident that occurred on August 22, 1981, as a result of which the Claimant seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on October 24, 1980, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on August 22, 1981, the Claimant was allegedly accosted by an unknown offender who tried to sexually assault her. The incident occurred in a parking lot in the rear of the Chug-a-Lug tavern at 40 S. Lake Street, Mundelein, Illinois. The attack was interrupted when the Claimant's ex-husband came out of the bar and recognized her voice. The Claimant then ran from the offender, fell and allegedly injured her hand. Three days later, on August 25, 1981, the Claimant was treated for injuries sustained as a result of the incident. On August 31, 1981, the Claimant and her former husband went to the Mundelein police station to report the crime. The offender has not been apprehended.

2. That according to section 6.1(c) of the Act a person is entitled to compensation under this Act if the appropriate law enforcement officials were notified of the perpetration of the crime allegedly causing the death or injury to the victim within 72 hours or in the event such notification was made more than 72 hours after the perpetration of the crime, the applicant establishes that

such notice was timely under the circumstances.

3. That the Claimant notified law enforcement officials nine days after the perpetration of the crime.

4. That by reason of the Claimant's failure to establish that such notification nine days after the perpetration of the crime was timely under the circumstances, the Claimant is not eligible for compensation under the Act.

It is therefore ordered that this claim be, and is hereby denied.