(No. 91-CV-2378–

*In re* APPLICATION OF JACOB TENEBAUM

*Opinion filed October 30, 1996.*

BOBBY LITTLE, for Claimant.

JIM RYAN, Attorney General (DONALD C. MCLAUGH-LIN, JR., Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This claim is before the Court for hearing on an application for compensation filed by the Claimant, Jacob Tenebaum, under the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. (740 ILCS 45/1, *et seq.*) The Claimant filed an application alleging he was entitled to compensation because he was assaulted by a tenant on October 6, 1990.

An order was entered by this Court denying the claim based on the Claimant's failure to notify appropriate law enforcement officials within 72 hours of the perpetration of the crime or, in the event notification was

made more than 72 hours after the perpetration of the crime, establishing that such notice was timely under the circumstances pursuant to section 6.1(b) of the Act. The Claimant made a timely request for a hearing pursuant to section 13.1 of the Act. A hearing was held before Commissioner Steven Clark on April 30, 1996. Bobby Little, another tenant of the Claimant, appeared on behalf of the Claimant due to the Claimant being hospitalized after suffering a stroke unrelated to the injury at issue in this case. The evidence consisted of testimony from Bobby Little and hospital bills submitted documenting expenses incurred for medical treatment.

At the time of the assault, the Claimant was nearly 73 years old and was being cared for by the nurses from the Visiting Nurse Association. According to a Belleville Police report dated October 12, 1990, police visited the Claimant in the hospital and reported that the Claimant was terrified of his assailant and was fearful of reprisal if he were to report the incident. The suspect was a tenant at the Claimant's home and had access to the Claimant. Bobby Little testified that the day after the beating, he called police, who stated that they could not take any action until the Claimant signed a complaint. Bobby Little testified that he reported the assault to the Illinois Department of Aging. Meanwhile, the Claimant was beaten by his assailant again. A police investigation began after two representatives of the Visiting Nurse Association of the Department of Aging appeared at the police station to seek an investigation. The assailant was apprehended and charged.

According to bills from Memorial Hospital in Belleville, Illinois, the Claimant incurred a total of $5,133.85 as a result of the beatings the Claimant suffered at the hands of his assailant. Medicare paid $4,501.65 of these bills, and Claimant paid $632.20.

The Court has previously held that delays in reporting crimes to the police will bar compensation under the Act. (*In re Application of Smith* (1981), 35 Ill. Ct. Cl. 536; *In re Application of Goodwin* (1976), 31 Ill. Ct. Cl. 716.) In *Smith,* a nine-day delay in reporting a sexual assault caused a claim for compensation to be denied after the Claimant failed to establish that such notification was timely under the circumstances. (*Smith,* 35 Ill. Ct. Cl. at 538.) In *Goodwin,* the Court stressed that one of the objectives of the Act is to encourage prompt notification of crimes to law enforcement officials and full cooperation with law enforcement officials. (*Goodwin,* 31 Ill. Ct. Cl. at 717.) The Court also stressed that the Claimant's delay in reporting the crime may have prevented apprehension of the suspect. *Id.*

Considering the Claimant's age and his well-grounded fear of his assailant, who did in fact beat the Claimant a second time, the Claimant's reluctance to report the beatings is understandable. Bobby Little attempted to report the crime the day after it occurred, but the police did not contact the Claimant until representatives of the Department of Aging personally approached the police and accompanied an officer to the Claimant's hospital room six days after the crime occurred. Furthermore, any delay in reporting this crime, the efforts by police to apprehend and charge the assailant were unimpaired.

Therefore, because it appears that the Claimant, through police reports and the statements of his representative, Bobby Little, has established by a preponderance of the evidence that the appropriate law enforcement officials were notified within 72 hours of the crime that the crime occurred. Bobby Little testified that he notified the police and the Department of Aging the day after the crime. Section 6.1(b) of the Act does not state that the

Claimant himself must make the notification. The Court submits that the six-day delay in an official police report being filed in this case was timely under the circumstances due to the Claimant's age and fear of the assailant.

It is therefore ordered, adjudged and decreed that the Claimant be compensated in the amount of $632.20 for the medical expenses he paid as full and complete satisfaction of this claim.